**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4331**

———————

UNITED STATES OF AMERICA,

　　　　　Plaintiff – Appellee,

　　　v.

HOWARD JAMES CLEM, IV, a/k/a Jamie, a/k/a
h.clemiv81@yahoo.com,

　　　　　Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
Maryland, at Baltimore. Marvin J. Garbis, Senior District
Judge. (1:14-cr-00405-MJG-2)

———————

Submitted: March 31, 2016　　　　　Decided: April 8, 2016

———————

Before KING and DUNCAN, Circuit Judges, and DAVIS, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Warren E. Gorman, Rockville, Maryland, for Appellant. Rod J.
Rosenstein, United States Attorney, Judson T. Mihok, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Howard James Clem, IV, appeals from his convictions and 108-month sentence entered following a jury verdict finding him guilty of conspiracy to distribute and receive child pornography, receipt of child pornography (two counts), and possession of child pornography. On appeal, Clem raises numerous claims. We affirm.

I.

Clem first asserts that insufficient evidence supported his convictions. However, the only element that Clem contests on appeal is whether or not he knew that the charged depictions involved a minor engaging in sexually explicit conduct. Clem asserts that he received blurry, postage-stamp sized images on his phone and that there is no evidence that he ever opened the pictures. Because 18 U.S.C. §§ 2252(a), 2252A (2012) do not criminalize inadvertent receipt or possession of illicit materials, the Government must present proof of at least circumstantial evidence of the requisite knowledge. See United States v. Ramos, 685 F.3d 120, 130-31 (2d Cir. 2012) (collecting cases).

In determining whether there was sufficient evidence to support the verdict, we review both direct and circumstantial evidence and permit "the government the benefit of all reasonable inferences from the facts proven to those sought to

2

be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). Circumstantial evidence may be sufficient to support a conviction even if it does not exclude every reasonable hypothesis consistent with innocence. United States v. Jackson, 863 F.2d 1168, 1173 (4th Cir. 1989); see also United States v. Burgos, 94 F.3d 849, 857-58 (4th Cir. 1996) (en banc) (holding that circumstantial evidence alone is sufficient to support a cocaine conspiracy conviction).

Here, the Government produced evidence that Clem repeatedly commented on the images of child pornography that were sent to him and that he requested sexually explicit images of a specific child on numerous occasions. While Clem testified that he only guessed at the content of the images, the jury rejected his testimony. Witness credibility is within the sole province of the jury, and we will not reassess the credibility of testimony. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). We find that the circumstantial evidence presented by the Government was more than sufficient to show that Clem opened the files at issue and, thus, that his violation of the statute was knowing.

## II.

Clem next argues that the admission of the pornographic pictures by the Government violated his rights to due process and equal protection. Specifically, he asserts that the

3

pictures presented by the Government were larger and clearer than how he received them and that this admission was fundamentally unfair. The Supreme Court has held that a defendant's due process rights are not violated by the admission of relevant evidence. Estelle v. McGuire, 502 U.S. 62, 70 (1991); see also Dowling v. United States, 493 U.S. 342, 353-54 (1990) (holding that admission of evidence must be fundamentally unfair to constitute a due process violation).[1]

Clem essentially complains that he was not permitted to show the blurred state in which he received the images and that the Government was improperly hiding behind 18 U.S.C. § 3509(m) (2012). Section 3509(m) requires that child pornography images involved in a criminal proceeding must remain in the "care, custody, and control" of the Government or the district court. Accordingly, the Government was clearly barred from doing what Clem requested: transmitting the images from Maryland to

---

[1] The Equal Protection Clause is "essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). Clem does not argue that he was treated differently than any other similarly situated defendant, and he cites no cases applying the Equal Protection Clause to the admission of evidence.

4

servers in California via Skout,[2] and then back to a cellular telephone in Maryland.

Instead, the Government produced testimony that images from Skout would initially be received in a blurred state and that the receiver could tap once to view a 160 pixel version and tap twice to view a 320 pixel version. The Government then provided a demonstration with a benign image of the blurred effect, as well as the 160 pixel and 320 pixel versions. The Government then submitted the unblurred pornographic images at 160 and 320 pixels. Clem, for his part, was permitted to introduce exhibits of (adult) pornographic images and a live, in-court demonstration of how those images looked when received on his phone. We find that the record does not reflect that the admission of evidence was confusing or misleading. As such, Clem was not deprived of due process or otherwise denied a meaningful opportunity to present a complete defense.

### III.

Clem asserts that a conversation between him and his coconspirator regarding a child (the coconspirator's daughter) was improperly admitted in violation of Fed. R. Evid. 404(b). However, as the Government points out, the Rule 404(b) motion

---

[2] Skout is a social networking site, through which Clem received the images in question.

concerned conversations Clem had with other users (not his coconspirator) on Skout that explored common themes of sex with minor females and mother-daughter incest. Conversations with a coconspirator would not be Rule 404(b) evidence as they were intrinsic to the charged conduct, particularly the conspiracy. Clem does not dispute the Government's position in his reply brief. Accordingly, Clem's argument is rejected as frivolous.

IV.

Clem contends that telephone records were improperly turned over to him in an untimely manner in violation of Brady v. Maryland, 373 U.S. 83 (1963), and Fed. R. Crim. P. 16. Under Brady, due process is violated if the evidence in question: (1) is favorable to the defendant, because it is either exculpatory or impeaching; (2) was suppressed by the government; and (3) is material. Strickler v. Greene, 527 U.S. 263, 281-82 (1999). Undisclosed evidence is material when its cumulative effect is such that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Kyles v. Whitley, 514 U.S. 419, 433-34 (1995). A reasonable probability is one sufficient to undermine confidence in the outcome. Id. at 434.

We find that none of these requirements are met regarding the evidence at issue. The disputed records showing telephone conversations between Clem and his coconspirator, which

6

corroborated the coconspirator's testimony, are not favorable to Clem. The records were turned over when received and, thus, were not suppressed. Finally, whether or not Clem and his coconspirator spoke on the phone was not material to Clem's defense that his relationship with his coconspirator was strictly role playing and that he did not want his coconspirator to send him child pornography.

Without providing any citations to the record, Clem claims that, if he had proper time to analyze the phone records, he could have shown that he and his coconspirator did not have any communication between June 28, 2012, and March 7, 2013. However, even if there was no communication during a certain period, Clem fails to show how this impacts the proof of communications outside this time period. Moreover, Clem's claim ignores the frequent Skout conversations during the cited time period. Because the evidence at issue was not material or favorable, there was no Brady violation in the timing of the production.

Rule 16(a)(1)(E) requires the Government to permit the defendant to inspect documents and objects that are in the Government's possession, custody, or control, and (i) material to the defense, (ii) intended to be used in the Government's case-in-chief, or (iii) obtained from the defendant. The records did not belong to Clem, and the Government did not use

them in its case-in-chief.  Thus, in order for the records to be discoverable under Rule 16, Clem must show that the records were "material" to his defense.  As discussed above, the fact that Clem and his coconspirator spoke on the phone was not material, given the wealth of evidence against Clem.  Accordingly, there was no discovery violation.

V.

Finally, Clem argues that his 108-month sentence is substantively unreasonable.  When reviewing the substantive reasonableness of a sentence, we consider "the totality of the circumstances" under an abuse of discretion standard.  Gall v. United States, 552 U.S. 38, 51 (2007).  In evaluating the sentence for an abuse of discretion, this court "give[s] due deference to the [d]istrict [c]ourt's reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence."  Id. at 59-60.  We presume that a sentence within or below a properly calculated Guidelines range is substantively reasonable.  United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014).  The defendant bears the burden of rebutting this presumption "by showing that the sentence is unreasonable when measured against" the sentencing factors set forth in 18 U.S.C. § 3553(a) (2012).  Id.

Clem's claim of substantive unreasonableness is based largely on the length of his coconspirator's sentence (84

months) compared to his, given that the coconspirator is the one who took pictures of her daughter and sent them to Clem. However, some disparity is reasonably expected based on the coconspirator's cooperation. Moreover, because Clem's sentence is within the Guidelines range, it is presumed reasonable, and we find that Clem fails to rebut this presumption. The district court primarily relied on the need for deterrence and its findings that the coconspirator was vulnerable and malleable, that Clem had not been truthful at trial, and that Clem was aware of the identity of the victim. Clem does not show that these findings are clearly erroneous and has not provided any other basis to rebut the presumption of reasonableness attached to his sentence. Accordingly, Clem's sentence was substantively reasonable.

## VI.

Thus, we affirm Clem's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

9